UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

**STEVE MEADE and SANDY MEADE,**

      **Plaintiffs,**

v.                                                                                      Case No. 13-2075

**SYNGENTA SEEDS, INC.,**

      **Defendant.**

**REPORT AND RECOMMENDATION**

    In February 2013, Plaintiffs Steve Meade and Sandy Meade filed a Complaint against Defendant Syngenta Seeds, Inc., in the Champaign County, Illinois, Circuit Court (Case No. 2013-L-37). In April 2013, Defendant removed the case to federal court. (#1.) Federal jurisdiction is based on diversity pursuant to 28 U.S.C. § 1332. Also in April 2013, Defendant filed a Motion to Dismiss for Improper Venue Pursuant to Federal Rule 12(b)(3), Or, In the Alternative, Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (#7). In May 2013, Plaintiffs filed a Memorandum in Opposition to Defendant's Motion to Dismiss, Or, In the Alternative, Motion to Transfer Venue (#10). In June 2013, Defendant filed a Reply (#14), and Plaintiffs filed a Surreply (#19).

    After careful consideration of the parties' arguments, the Court recommends that Defendant's Motion to Dismiss for Improper Venue Pursuant to Federal Rule 12(b)(3), Or, In the Alternative, Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) **(#7)** be **GRANTED** as to Defendant's Motion to Dismiss for Improper Venue Pursuant to Rule 12(b)(3).

**I.  Background**

    The following background is taken from Plaintiffs' complaint and the parties' memoranda and supporting materials. Plaintiffs reside in Fairmount, Illinois, and conduct business selling seed and other agricultural products. Defendant is an agricultural seed supplier that is incorporated in Delaware and has its principal place of business in Minnesota. Plaintiffs

entered into multiple "Sales and Distribution Agreements" with Defendant to act as resellers of Defendant's seed product, the most recent of which appears to be one signed in October 2010. (#8-4.) These contracts included choice of law and forum selection clauses, which state:

> This Agreement shall be deemed to have been made in the State of Minnesota, USA, and shall be construed, interpreted and applied in accordance with the internal laws (but not the law of conflicts) of the State of Minnesota. Reseller hereby irrevocably consents to the exclusive *in personam* jurisdiction of any state court of general jurisdiction and the federal courts of the United States of America located within Hennepin County, State of Minnesota, USA, with respect to any legal proceeding arising out of or related to these terms, and registered or certified mail of any legal process shall constitute lawful and valid service of process in any such proceeding, suit or controversy. Reseller shall bring any legal proceeding arising out of or related to these terms only in the federal or state courts located in such county.

(#8-4, p. 6)

Plaintiffs also entered into a "special compensation agreement[]" (#1-1, ¶ 5) with Defendant. This special agreement (#10, p. 16), to which the parties refer as the Walker Addendum, regarded sales of seed to Walker Place, Inc. Under the Walker Addendum, Defendant would compensate Plaintiffs for acting as a proxy between Defendant and Walker Place.

Plaintiffs allege that Defendant breached their contract by failing to pay Plaintiffs all amounts due and owing for performing in years 2011 and 2012. As such, Plaintiffs seek to recover "all amounts due under the terms of their reseller agreements as supplemented by Defendant's published terms and conditions and by the special compensation agreements between the parties." (#1, ¶ 8.)

Defendant moves to dismiss or transfer based on the forum selection clause in the parties' contract. Plaintiffs argue that the Illinois Sales Representative Act (ISRA), 820 ILCS 120/2, invalidates the forum selection clause and the choice of law provision. *See, e.g.*, *Midwest Enters., Inc. v. Generac Corp.*, No. 91-C-2229, 1991 WL 169059, at *4 (N.D. Ill. Aug. 27, 1991) (finding that the ISRA, which voids any contractual provision "purporting to waive any of the provisions" of the ISRA, invalidated an out-of-state choice of law clause); *Maher & Assocs., Inc.*

*v. Quality Cabinets*, 640 N.E.2d 1000, 1005 (Ill. App. Ct. 1994) (reasoning, based on *Midwest*, that the ISRA also invalidated an out-of-state forum selection clause). Defendant responds that the Court should apply federal, not state law, to its motion to dismiss or transfer, and therefore should not consider Plaintiffs' arguments regarding the ISRA. Alternatively, Defendant argues that, even if the Court considers Plaintiffs' arguments, the ISRA does not apply here because Plaintiffs are not "sales representatives" as defined by the Act.

## II.  Motion to Dismiss for Improper Venue

Defendant first moves to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). "A challenge to venue based upon a forum selection clause can appropriately be brought as a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(3)." *Muzumdar v. Wellness Int'l Network, Ltd.*, 438 F.3d 759, 760 (7th Cir. 2006).[1] In evaluating Defendant's motion to dismiss for improper venue, the Court construes facts and draws reasonable inferences in favor of Plaintiffs. *See Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 806 (7th Cir. 2011). The Seventh Circuit has not definitively settled "'whether state or federal law applies in a dispute over a forum selection clause when the case is dismissed rather than transferred pursuant to 28 U.S.C. § 1404(a).'" *Kochert v. Adagen Med. Int'l, Inc.*, 491 F.3d 674, 677 (7th Cir. 2007) (quoting *Muzumdar*, 438 F.3d at 762 n.2)). The most recent development suggests that "the validity of a forum-selection clause depends on the law of the jurisdiction whose rules will govern the rest of the dispute." *IFC Credit Corp. v. United Bus. & Indus. Fed. Credit Union*, 512 F.3d 989, 991 (7th Cir. 2008) (deciding validity of contractual waiver of jury trial and stating that *Abbott Laboratories v. Takeda Pharmaceutical Co.*, 476 F.3d 421 (7th Cir. 2007) clarified that law governing underlying dispute also controls enforceability of forum selection clause); *but see Abbott Labs.*, 476 F.3d at 423-24 (leaving open question of whether federal or state law governs enforceability of forum selection clause).

This Court need not decide whether federal, Illinois, or Minnesota law governs the enforceability of the parties' contractual forum selection clause because each yields the same result here. The laws of these jurisdictions presume forum selection clauses to be valid. *See*

---

[1] A defendant may move to dismiss for improper venue under Rule 12(b)(3) even after removing a case to federal court. *See Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 804 (7th Cir. 2011).

*Muzumdar*, 438 F.3d at 761 (comparing federal and Illinois law); *Alpha Sys. Integration, Inc. v. Silicon Graphics, Inc.*, 646 N.W.2d 904, 909 (Minn. Ct. App. 2002).  Nevertheless, under federal, Illinois, and Minnesota law, a forum selection clause is invalid where enforcement "would contravene a strong public policy of the forum in which the suit is brought." *AAR Int'l, Inc. v. Nimelias Enterprises S.A.*, 250 F.3d 510, 525 (7th Cir. 2001) (federal law) (internal quotation marks omitted); *accord Alpha Sys. Integration*, 646 N.W.2d at 910; *Yamada Corp. v. Yasuda Fire & Marine Ins. Co., Ltd.*, 712 N.E.2d 926, 930 (Ill. Ct. App. 1999).  Therefore, if Plaintiffs are correct that enforcement of the parties' forum selection clause would contravene a strong public policy of Illinois, as announced in the ISRA, then the forum selection clause would be unenforceable, no matter which law this Court applies.

Plaintiffs' argument fails, however, because Plaintiffs primarily functioned as resellers, not "sales representatives," in their dealings with Defendant and, thus, cannot claim the protections of the ISRA.  The ISRA defines a "sales representative" as:

> [A] person who contracts with a principal to solicit orders and who is compensated, in whole or in part, by commission, *but shall not include one who places orders or purchases for his own account for resale* or one who qualifies as an employee of the principal pursuant to the Illinois Wage Payment and Collection Act.

820 ILCS 120/1(4) (emphasis added).  The ISRA's definition of "sales representative" explicitly excludes resellers.  Plaintiffs repeatedly refer to themselves as resellers throughout their Complaint.  Conspicuously absent from the Complaint is any reference to "commissions" that Defendant failed to pay Plaintiffs.[2]  The Court finds unpersuasive Plaintiffs' efforts to recast themselves as "sales representatives" in order to avoid enforcement of the forum selection clause.  The parties' Sales and Distribution Agreement repeatedly refers to Plaintiffs as resellers and indicates that Plaintiffs would place orders with Defendant, either for Plaintiffs' own use or to resell the products, and would pay list price on the orders, less any applicable discounts.  (#8-4, p. 3.)

Plaintiffs appear to concede that they were resellers, not sales representatives, under the parties' Sales and Distribution Agreement, but argue that they *did* act as sales representatives for

---

[2] Tellingly, Plaintiffs do not bring a claim under the IRSA for their lost "commissions," though doing so would permit them to recover treble damages and attorney's fees.  *See* 820 ILCS 120/3.

business Defendant conducted with one of Plaintiffs' customers, Walker Place, Inc., pursuant to the "Walker Place Orders" addendum (#10, p. 16) to the parties' Sales and Distribution Agreement. The parties dispute the particulars of the Walker Place arrangement: Defendant argues that Plaintiffs bought and resold product to Walker Place, but Plaintiffs maintain that Walker Place paid Defendant directly, with Plaintiffs receiving a per unit commission for each unit Defendant sold to Walker Place. However, even construing the facts in Plaintiffs' favor and assuming that they were sales representatives for purposes of the Walker Addendum, their role as sales representatives in this limited capacity does not warrant invalidating the forum selection clause. Plaintiffs' own filings indicate that, although Walker Place was "one of Plaintiffs' largest customers/growers" (#1-1, ¶ 5), the Walker Place arrangement was an exception to the usual course of business between Plaintiffs and Defendant. Plaintiffs' Complaint refers to the Walker Place arrangement as a "special compensation agreement[]" that existed in addition to the parties' central resale agreement. (#1-1, ¶ 5.) Furthermore, Sandy Meade's affidavit states, "[W]e did not get our *usual* volume, cash or competitive allowance discounts on Walker Place orders." (#19, p. 9) (emphasis added). Significantly, Plaintiffs seek damages in this case not only for work performed pursuant to the Walker Addendum but, rather, for "amounts due under the terms of their reseller agreements as supplemented by Defendant's published terms and conditions *and* by the special compensation agreements between the parties." (#1-1, ¶ 8) (emphasis added). Therefore, even if Plaintiffs acted as sales representatives under the Walker Addendum, the Court finds that enforcement of the forum selection clause in this case does not contravene Illinois public policy because Plaintiffs primarily functioned as resellers for Defendant and seek damages in this lawsuit for work they performed as resellers.

Because the Court rejects Plaintiffs' only objection to enforcement of the forum selection clause, the Court finds the parties' mandatory forum selection clause, providing that Plaintiffs "shall bring any legal proceeding arising out of or related to these terms" in the state or federal courts of Hennepin County, Minnesota, to be valid and, thus, recommends dismissal of this case without prejudice under Rule 12(b)(3). *See Muzumdar*, 438 F.3d at 762. The Court does not reach Defendant's alternative motion for transfer under 28 U.S.C. § 1404(a).

5

### IV.  Summary

For the reasons stated above, the Court recommends that Defendant's Motion to Dismiss for Improper Venue Pursuant to Federal Rule 12(b)(3), Or, In the Alternative, Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) **(#7)** be **GRANTED** as to Defendant's Motion to Dismiss for Improper Venue Pursuant to Rule 12(b)(3).  The Court recommends that this case be **DISMISSED** without prejudice under Rule 12(b)(3).

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 16th day of August, 2013.

                                                  s/DAVID G. BERNTHAL
                                       UNITED STATES MAGISTRATE JUDGE